UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IANA RODIONOVA,<br><br>    Plaintiff,<br><br>v.<br><br>QATAR AIRWAYS GROUP (Q.C.S.C.), et al.,<br><br>    Defendants. | Case No. 25-cv-05838-TSH<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 6 |

Plaintiff Iana Rodionova has filed a "Motion to Seal Application IFP," which, given her pro se status, the Court construes as a request to seal her in forma pauperis application (ECF No. 3) pursuant to Civil Local Rule 79-5.[1] ECF No. 6.

"The public has a right of access to the Court's files." Civ. L.R. 79-5(a). Litigants must "minimize the number of documents filed under seal" and "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." *Id*. The party requesting sealing must provide "a specific statement of the applicable legal standard

---

[1] Plaintiff and her husband, Sergey Firsov, have filed at least 22 cases in this District over the last four months. *See Firsov v. Alaska Airlines*, 5:25-cv-02841; *Rodionova v. Qatar Airways Group (Q,C.S.C.)*, 5:25-cv-02871; *Firsov v. Frontier Airlines, Inc*., 5:25-cv-02898; *Rodionova et al v. Western Union Financial Services, Inc.*, 3:25-cv-03054; *Firsov v. Skyscanner, Inc et al.*, 4:25-cv-03198; *Firsov, minor, by & through parent Sergey Firsov v. Church of Scientology of Silicon Valley et al.*, 5:25-cv-03265; *Firsov v. JetBlue Airways Corporation*, 3:25-cv-03387; *Firsov v. Austrian Airlines AG*, 5:25-cv-03504; *Firsov v. Turkish Airlines, Inc*., 3:25-cv-03689; *Firsov v. Scandinavian Airlines of North America, Inc.*, 4:25-cv-03691; *Firsov v. United Airlines, Inc et al.*, 5:25-cv-03784; *Firsov v. United Airlines, Inc. et al.*, 4:25-cv-03903; *Rodionova v. Turkish Airlines, Inc. et al.*, 3:25-cv-03912; *Firsov et al v. Air Canada, Inc.*, 3:25-cv-04058; *Firsov et al v. Moneygram Payment Systems, Inc.*, 5:25-cv-04726; *Firsov et al v. Western Union Financial Services, Inc.*, 5:25-cv-04727; *Firsov et al v. Dandelion Payments, Inc.*, 5:25-cv-04765; *Firsov v. JetBlue Airways Corporation*, 3:25-cv-05240; *Firsov et al v. Qatar Airways Group (Q,C.S.C.)*, 5:25-cv-05325; *Firsov et al v. Aerovias Del Continente Americano S.A. Avianca*, 5:25-cv-05481; *Firsov v. Alaska Airlines*, 5:25-cv-05487.

and the reasons for keeping a document under seal." Civ. L.R. 79-5(c)(1). This must include an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id*.

Here, none of the information in Plaintiff's application requires redaction, and financial affidavits in support of applications to proceed in forma pauperis generally are not filed under seal. *See Cooney v. California*, 2013 WL 1748053, at *1 (N.D. Cal. Apr. 23, 2013) ("Plaintiff's IFP application contains information no more private than any of the other IFP applications that are regularly publicly filed with this Court."); *Rodionova v. Qatar Airways Grp. (Q.C.S.C.)*, 2025 WL 1870775, at *2 (N.D. Cal. June 16, 2025) (denying Rodionova's motion to seal IFP application that included the same financial information as in this case); *Firsov v. Frontier Airlines, Inc.*, 2025 WL 1533138, at *2 (N.D. Cal. May 28, 2025) (denying Firsov's motion to seal IFP application); *Firsov v. Skyscanner, Inc.*, 2025 WL 1900328, at *2 (N.D. Cal. June 27, 2025) (same). Accordingly, Plaintiff's motion to seal is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 24, 2025

THOMAS S. HIXSON
United States Magistrate Judge