1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 | IANA RODIONOVA, | Case No.  25-cv-05838-TSH

8 | Plaintiff, |

9 | v. | **ORDER DENYING MOTION TO DISQUALIFY**

10 | QATAR AIRWAYS GROUP (Q.C.S.C.), et al., | Re: Dkt. No. 11

11 |

12 | Defendants. |

13    Pending before the Court is Plaintiff Iana Rodionova's Motion to Disqualify Judge for

14 Cause Under 28 U.S.C. § 455.  ECF No. 11.

15    Section 455 requires a judge to recuse himself "in any proceeding in which his impartiality

16 might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal

17 bias or prejudice concerning a party," *id.* § 455(b)(1).[1]  The standard for disqualification is

18 "whether a reasonable person with knowledge of all the facts would conclude that the judge's

19 impartiality might reasonably be questioned."  *United States v. Holland*, 519 F.3d 909, 913 (9th

20 Cir. 2008).  "A judge should not disqualify herself when the facts do not warrant disqualification,

21 as there is an equally compelling obligation not to recuse where it is not appropriate."  *Firsov v.*

22 *Frontier Airlines, Inc.*, 2025 WL 1533138, at *1 (N.D. Cal. May 28, 2025) (citing *Holland*, 519

23 F.3d at 912 ("We are as bound to recuse ourselves when the law and facts require as we are to hear

24 cases when there is no reasonable factual basis for recusal.")).

25    "A federal judge is presumed to be impartial, and the burden is therefore on the party

26 seeking recusal to overcome this presumption."  *Washington v. United States*, 2023 WL 7351836,

27

28 ─────────────────
[1] Section 455 includes additional circumstances in which a judge must disqualify himself, none of which are relevant to the bases Plaintiff lists.  *See id.* § 455 (b)(2)-(5).

at *1 (N.D. Cal. Oct. 30, 2023) (citing *Saddozai v. Davis*, 2019 WL 13216339, at *1 (N.D. Cal. Aug. 26, 2019)).

Plaintiff argues disqualification is appropriate because the undersigned denied her motion to seal her in forma pauperis application, which "is confidential under California Rules of court. Rule 3.50-3.63." Mot. at 1. But that rule applies only to California state court. Plaintiff also argues good cause exists to seal her application, but the Court already considered and denied this argument in its order denying her motion to seal. ECF No. 9. Regardless, any "alleged bias must stem from an 'extrajudicial source.'" *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). Thus, judicial rulings are not a valid basis for a motion for disqualification. *See Liteky*, 510 U.S. at 555; *Rodionova v. Qatar Airways Grp. (Q.C.S.C.)*, 2025 WL 1870775, at *2 (N.D. Cal. June 16, 2025) (denying Rodionova' motion to disqualify based on failure to seal in forma pauperis application). While judicial rulings may constitute grounds for an eventual appeal, they are not a valid basis for a motion for recusal. *See Liteky*, 510 U.S. at 555; *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."); *McCoy v. Stronach*, 2021 WL 147989, at *1-2 (E.D. Cal. Jan. 15, 2021) (denying plaintiff's motion for disqualification based on adverse ruling on motion).

Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: July 30, 2025

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California